IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-184-BO

| | | |
|---|---|---|
| VINCENT JOHN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER DURON BURNEY, TOWN | ) | |
| OF MAXTON, GLADYS DEAN, | ) | |
| TAMMY DEESE, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion for summary judgment and plaintiff's motion for default judgment. A hearing was held on the matters before the undersigned on July 19, 2013, at Raleigh, North Carolina at which plaintiff failed to appear or notify the Court of his inability to appear. Following the hearing, the Court permitted defendants twenty-one days to supplement their motion for summary judgment and plaintiff was given seven days within which to respond. Upon learning from defendants that plaintiff had been incarcerated, the Court directed to clerk to serve plaintiff at his new address and allowed him seven further days within which to respond to the showing by defendants. Plaintiff having now responded, and upon consideration of the record and the arguments of the parties, the Court grants defendants' motion for summary judgment and denies plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action after he was shot in the wrist by a police officer with the Maxton Police Department. On January 9, 2010, plaintiff was in the front yard of his home playing music, as was his tradition on Saturday afternoons in order to provide entertainment for neighborhood children. On this occasion, new neighbors, apparently unfamiliar with the tradition, called the police to complain about the noise. Officer Burney with the Maxton Police Department arrived at plaintiff's home to investigate the complaint at around noon, plaintiff advised Officer Burney that he would not have a problem with him, turned the music off, and Officer Burney left plaintiff's home.

About an hour later, plaintiff was continuing to do yard work and had put on a CD of Malcolm X, this time at a lower volume than at which the music had been playing previously, when Officer Burney again arrived at plaintiff's home after a second noise complaint. Upon Officer Burney's arrival, plaintiff entered his home and turned off the CD. Plaintiff then returned to his yard and began talking to a friend who had arrived, asking Officer Burney to please leave his yard if he did not have a warrant. A struggle subsequently ensued between plaintiff and Officer Burney, during which Officer Burney's firearm discharged and plaintiff was shot.

After being treated for his injuries, plaintiff was charged with and found guilty of assault on a government official and communicating threats in state district court. Plaintiff appealed his conviction. The record indicates that plaintiff was subsequently convicted on July 18, 2013, following a jury trial in Robeson County Superior Court, of assault on a government official/employee for events occurring the same day as the incident at issue here; plaintiff was found not guilty of assault with a deadly weapon.

2

Plaintiff's amended complaint alleges the following claims: excessive force, assault and battery, invasion of privacy and intentional infliction of emotional distress against Officer Burney; negligent hiring and lack of training against defendant Dean; and negligent supervision and lack of training against defendant Deese.[1] Plaintiff contends that defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

## DISCUSSION

### Motion for Summary Judgment

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

---

[1] Plaintiff's complaint does not specify whether claims against the individual defendants are brought against them in their individual or official capacities. Because the Court construes plaintiff's *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court considers each claim as against the individual defendants in both their individual and official capacities.

3

## Excessive Force

A. *Qualified Immunity*

Defendant Burney contends that he is entitled to qualified immunity on plaintiff's excessive force claim.[2] The privilege of qualified immunity protects government officials from liability so long as they could reasonably believe that their conduct did not violate clearly established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court recognized a two-step procedure for determining whether qualified immunity applies that "asks first whether a constitutional violation occurred and second whether the right violated was clearly established." *Melgar v. Greene*, 593 F.3d 348, 353 (4th Cir. 2010). Courts are permitted to exercise their discretion, however, in regard to which of the two prongs should be addressed first in light of the facts and circumstances of the particular case. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

i. *Constitutional violation*

The right to be free from arrests and other seizures effectuated by excessive force is encompassed by the Fourth Amendment. *Schultz v. Braga*, 455 F.3d 470, 476-77 (4th Cir. 2006). A court applies an objective reasonableness standard to determine whether an officer's actions constitute excessive force. *Id.* The use of deadly force by a police officer may be applied only "[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

---

[2]A claim under § 1983 for damages may not be brought if it would necessarily imply that the plaintiff's conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because the Court has before it only plaintiff's judgment of conviction, it cannot conclude that plaintiff's excessive force claim would *necessarily* imply that his assault conviction is invalid, and so it proceeds to consider Officer Burney's qualified immunity defense.

4

There is no dispute that during Officer Burney's second trip to plaintiff's home, a physical altercation ensued between plaintiff and Officer Burney, culminating in Officer Burney's service weapon firing and a bullet hitting plaintiff in the right wrist. Officer Burney contends that plaintiff pushed Officer Burney in the chest, struck him with a yellow stick, and threatened to get a gun. The State Bureau of Investigation report indicates that Officer Burney is 5'5" in height and 182 pounds; plaintiff is 6'5" in height and 240 pounds [DE 89-1 at 2-3; DE 79 at 5]. Officer Burney contends that he repeatedly notified plaintiff that he was under arrest but that plaintiff ignored him. Officer Burney further contends that, after he had drawn his service weapon, plaintiff again instigated a physical altercation, that he believed that plaintiff was trying to take his weapon away, and that he was holding plaintiff by the shirt while plaintiff was punching him. At that time, Officer Burney's weapon fired and plaintiff was hit in the right wrist. Officer Burney contends that his weapon discharged accicdentally [DE 89-1].

In opposing Officer Burney's motion for summary judgment, plaintiff has failed to come forward with evidence to establish that any specific material facts are in dispute. Although plaintiff's deposition testimony, submitted by defendants, differs in part from Officer Burney's testimony regarding the incident, a disputed version of the facts is not alone sufficient to warrant the denial of summary judgment when considering qualified immunity. *Rowland v. Perry*, 41 F.3d 167, 174 (4th Cir. 1994) (citing *Gooden v. Howard*, 954 F.2d 960, 956 (4th Cir. 1992)). While plaintiff stated at one point in his deposition that the physical struggle with Officer Burney began *after* he was shot, Hall Dep. 70:6-9, he also stated that the events are "fuzzy" and that "a struggle ensued or something, and I got shot." Hall Dep. 65:12-14. Plaintiff stated that much of his confusion that afternoon arose because Officer Burney never told him he was under arrest,

5

Hall Dep. 64:3-9, but plaintiff had earlier stated that "[Officer Burney] said I was under arrest." Hall Dep. 57:15.

Plaintiff's inconsistent testimony regarding the sequence of events on the afternoon in question, without evidentiary support, is simply insufficient to create a genuine issue of fact as to whether probable cause existed to support Officer Burney's belief that plaintiff posed a risk of serious harm. *See e.g. D'Amico v. City of New York*, 132 F.3d 145, 149 (2nd Cir. 1998) ("non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of events is not wholly fanciful."). Based on the evidence before the Court, it must conclude that a reasonable officer in Officer Burney's position would have had probable cause to believe that plaintiff posed a threat of serious physical harm. Plaintiff far outsized Officer Burney and initiated forceful physical contact with a uniformed officer. Moreover, the belief that a suspect would be able to gain control of an officer's service weapon is sufficient to support a finding that the suspect posed a risk of serious physical harm. *See e.g. Alford v. Cumberland Cnty*, No. 06-1569, 2007 WL 2985297 (4th Cir. October 15, 2007) (where suspect's hand is within inches of officer's gun, reasonable officer could have concluded that suspect posed risk of serious physical harm).

As no genuine issue of material fact exists as to whether Officer Burney reasonably perceived, based on plaintiff's actions, that he had probable cause to believe that plaintiff posed a risk of serious harm, Officer Burney is entitled to qualified immunity. The Court need not therefore consider whether the right was clearly established, as it has found as a matter of law that plaintiff's constitutional right to be free from excessive force was not violated. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Accordingly, Officer Burney's motion for summary judgment

6

is granted as to plaintiff's § 1983 excessive force claim.

B. *Claim against Town of Maxton*

Though not specifically denominated in his amended complaint, plaintiff's excessive force claim as alleged against the Town of Maxton, Officer Burney's employer, fails. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), but rather it must be shown that the municipality *itself* causes the constitutional violation through the execution of its policy or custom. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff has proffered no evidence regarding a policy or custom of the Town of Maxton, and thus has failed to show that a genuine issue of material fact remains as to whether the Town should be liable for Officer Burney's actions. Insofar as plaintiff has brought his excessive force claim against Officer Burney in his official capacity, such claim is in reality a claim against the entity for which he was acting and is dismissed as duplicative. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004).

## Invasion of Privacy and Intentional Infliction of Emotional Stress

Plaintiff has failed to proffer sufficient evidence upon which to deny summary judgment as to his invasion of privacy claim. Officer Burney was responding to a noise complaint when he entered plaintiff's property; there is no allegation or evidence that Officer Burney engaged in eavesdropping, wiretapping, or peering through plaintiff's windows. *Toomer v. Garrett*, 155 N.C. App. 462, 479-80 (2002) (North Carolina law requires a showing of intentional intrusion, physical or otherwise, into solitude or seclusion of another, examples of which include wiretapping, eavesdropping, and peeping); *see also Hall v. Post*, 85 N.C. App. 610, 615 (1987). Judgment as a matter of law for Officer Burney is therefore appropriate.

7

Summary judgment is also appropriate as to plaintiff's state law claim for intentional infliction of emotional distress. Plaintiff has failed to proffer sufficient evidence that Officer Burney engaged in extreme and outrageous conduct that was intended to cause and did in fact cause severe emotional distress. *Waddle v. Sparks*, 331 N.C. 73, 82 (1992). While plaintiff's deposition testimony states that plaintiff has suffered from depression, post traumatic stress disorder, and nightmares since this incident, his evidence fails to sufficiently forecast that he has suffered from *severe* emotional distress; the record is devoid of any medical documentation of plaintiff's distress, and plaintiff's deposition testimony, taken alone, is an insufficient basis upon which to find a genuine issue of material fact exists as to whether plaintiff's distress arising from this incident is severe. *Id.*

### Negligent Hiring, Lack of Training, and Negligent Supervision

Town of Maxton, defendant Dean, Mayor of Maxton, and defendant Deese, Maxton Police Captain, are entitled to summary judgment on plaintiff's negligent hiring, lack of training, and negligent supervision claims. Supervisory liability under § 1983 requires a showing "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation and citation omitted).

Where, as here, a plaintiff has failed to offer any evidence of deficient training or a

8

supervisor's knowledge that an officer "engaged in conduct that posed a risk of constitutional injury," summary judgment is appropriate. *Littleton v. Swonger*, 502 Fed. App'x 271, 277-78 (4th Cir. 2012) (unpublished); *see also Flanagan v. Anne Arundel Cnty*, 593 F. Supp. 2d 803, 809-10 (D. Md. 2009) (bare allegations of negligent hiring, training, and retention insufficient). Insofar as such claims are brought against defendants Dean and Deese in their individual capacities, such claims fail as a matter of law. *See Daniels v. Williams*, 474 U.S. 327, 336 (1986) (mere negligence not actionable under § 1983); *Meyer v. Walls*, 347 N.C. 97, 112 (1997) (public official not liable for damages caused by mere negligence under North Carolina law absent a showing that conduct was corrupt or malicious).

## Motion for Default Judgment

Plaintiff's motion for entry of default judgment is denied. None of the defendants in this matter have been found to be in default, and default judgment is therefore inappropriate. Fed. R. Civ. P. 55(a)-(b).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [DE 70] is GRANTED and plaintiff's motion for default judgment [DE 69] is DENIED. Plaintiff's motion to continue [DE 93] is DENIED AS MOOT. The clerk is DIRECTED to enter judgment accordingly and to close the file.

In responding to the Court's most recent order, plaintiff noted that he gives notice of an appeal to any unfavorable ruling by this Court [DE 93]. Though it has been entered on the Court's docket as a notice of interlocutory appeal, the Court construes plaintiff's notice as a notice of appeal of this Court's final order and judgment. Accordingly, the clerk is DIRECTED

9

to enter a notice of appeal on behalf of plaintiff as of the date of entry of judgment in favor of defendants in this matter.

SO ORDERED, this __10__ day of September, 2013.

                                        TERRENCE W. BOYLE
                                        UNITED STATES DISTRICT JUDGE